JOHN LANAHAN
CA State Bar Number 133091
550 West C Street, Suite 1670
San Diego, CA 92101-8857
(619) 237-5498
FAX: (619) 237-8898
E-mail: lawnahan@sbcglobal.net

*Attorney for Petitioner LaMarr Crowder*

FILED
2008 APR 16 PM 3: 02
CLERK US DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
BY _____ DEPUTY

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

LAMARR RASHID CROWDER,

    Petitioner,

v.

JAMES E. TILTON, Secretary, California Department of Corrections and Rehabilitation,

    Respondent.

Civ. No. 08CV

'08 CV 0694 DMS JMA

PETITION FOR WRIT OF HABEAS CORPUS UNDER 28 U.S.C. § 2254 BY A PERSON IN STATE CUSTODY

## PETITION

This petition is in the same format and responds to all the questions contained in this Court's recommended form, dated January, 2006, located on the Court's website:

//

1. The name and location of the court which entered the judgment of conviction under attack is the Superior Court of San Diego, Central Judicial District, Department 28, 220 West Broadway, San Diego, California, 92101.

//

2. The petitioner was convicted of one count of first degree murder, in violation of California Penal Code § 187(a); and one count of shooting into an inhabited vehicle, in violation of California Penal Code § 246. There were also true findings on each counts that he personally used a firearm that caused death, in violation of California Penal Code §§

1192.7(c))(8), 12022.53(a)(1), and 12022.53(d). The judgment of conviction was imposed on April 29, 2005, when the petitioner was sentenced prison two consecutive prison terms of twenty-five years to life.

//

3. The case number of the judgment of conviction being challenged is SCD175644.

//

4. The sentence imposed consists of an indeterminate prison term of twenty-five years to life for first degree murder and shooting into an inhabited vehicle, followed by a consecutive indeterminate prison sentence of twenty-five years to life for personal use of a firearm that caused death.

//

5. The sentence commenced the day the petitioner was arrested, June 24, 2003. There is no projected release date.

//

6. The petitioner was convicted of first degree murder, in violation of California Penal Code § 187(a); and shooting into an inhabited vehicle, in violation of California Penal Code § 246. The jury also made true findings that the petitioner personally used a firearm during the commission of a murder that caused death, in violation of California Penal Code §§ 1192.7(c)(8), 12022.53(a)(1), and 12022.53(d)

//

7. The petitioner pled not guilty to all counts of conviction.

//

8. The petitioner was convicted after a jury trial.

//

9. The petitioner did not testify at trial.

//

**DIRECT APPEAL**

10. The judgment and conviction were appealed to the California Court of Appeal,

Fourth Appellate District, Division One.

//

11. The convictions and sentences were affirmed by that Court in case number D046701, in an unpublished decision, on September 18, 2006, by Justices Irion, Nares, and McIntyre. The petitioner raised the following five issues on direct appeal:

    a. Whether the trial court erred in excluding evidence of prior sex charges that had been dismissed against a testifying informant?

    b. Whether the trial court erred in denying the motion for new trial based upon undisclosed, newly discovered evidence?

    c. Whether the trial court erred in admitting a partial, and misleading, transcript of an incomprehensible video and audio surveillance tape of the petitioner while he was at work?

    d. Whether the cumulative errors in this case require reversal?

    e. Whether CALJIC 2.90 is constitutionally deficient, because it failed to inform the jury that in order to find the petitioner guilty, the prosecution must prove each element beyond a reasonable doubt?

//

12. On January 17, 2007, the California Supreme Court denied the Petition for Review in case number S147703 from the affirmance by the California Court of Appeal in case number D046701. The petitioner raised the following three issues in the Petition for Review:

    a. Whether the "doctrine of completeness" as codified in California Evidence Code § 356 operates as a rule of admission only to give a complete context of a statement, or also operates to exclude a incomplete statement were the entire context cannot be determined?

    b. Whether the trial court erred in excluding evidence of prior sex charges that had been dismissed against the informant?

    c. Whether the trial court erred in denying the motion for new trial

based upon undisclosed, newly discovered evidence?

//

13. The petitioner did not file a Petition for Writ of Certiorari to the United States Supreme Court.

//

**COLLATERAL REVIEW IN STATE COURT**

//

Questions 14 - 19. The petitioner did not file a petition for writ of habeas corpus in any of the California Courts.

//

20. The petitioner did not file a petition for writ of habeas corpus in the California Supreme Court because there appear to be no issues outside the record of the direct appeal that would effect his convictions or sentence.

//

21. This is the first federal petition for writ of habeas corpus challenging the petitioner's convictions in Superior Court case number SCN177421.

//

**22. GROUNDS FOR RELIEF**

**A. Ground one: denial of the right to confront and cross-examine a critical prosecution witness, in violation of the Sixth and Fourteenth Amendment to the United States Constitution.**

Petitioner's convictions and sentences for murder and shooting into an inhabited vehicle are unlawful because at trial he was denied the right to confront and cross-examine, as guaranteed by the Sixth and Fourteenth Amendments to the United States Constitution as interpreted by United States Supreme Court in *Davis v. Alaska*, 415 U.S. 308 (1974), an informant who testified for the prosecution that the petitioner had admitted to shooting the deceased.

**Supporting facts:**

Prior to trial, the petitioner sought to admit evidence that in 1997, William Jimmerson,

4

an informant who testified for the prosecution that the petitioner admitted to him that he shot and killed the deceased, had been charged with sex crimes involving a fourteen year old girl. These included sodomy with a child under the age of 16 by a person over the age of 21, oral copulation with a child under the age of 16 by a person over the age of 21, and statutory rape. These charges were dismissed, and Jimmerson had been convicted of pandering only and sentenced to five years in prison. The prosecution, in opposing the admission of this evidence, noted that the underlying facts of the pandering charge was that Jimmerson was introduced to the victim because she was the fourteen year old sister of a former cellmate. When released from jail on an unrelated charge, Jimmerson met her and they had consensual sexual relations and she agreed to work for him as a prostitute. The defense argued that the admission of these dismissed charges was relevant to assess the credibility of Jimmerson as an jailhouse informant, beyond that of regular witness, because the dismissed sex charges could still be revived.

The trial court excluded the evidence pursuant to California Evidence Code § 352, on the basis that the prior charges were not convictions and they were too speculative to be relevant. The California Court of Appeal affirmed that ruling, finding the trial court was within its discretion to exclude the evidence under Evidence Code § 352. That Court also found there was no evidence that the prior dismissed charges would be revived against Jimmerson as an incentive for him to cooperate, and no evidence or argument had been presented to the trial court to show the circumstances of the pandering charges were relevant to show how Jimmerson had exploited information received from another cellmate for his own personal, and illegal, advantage. The petitioner raised this ground in his Petition for Review before the California Supreme Court in case number S147703, which was denied on January 17, 2007, without comment [Petitioner's Exhibit A].

//

**B. Ground Two: the petitioner was denied due process of law, as guaranteed by the Fourteenth Amendment to the United States Constitution, and as interpreted by the United States Supreme Court in *Brady v. Maryland*, 373 U.S. 83, 87 (1963), as a result of the failure of the prosecution to disclose material evidence that would have impeached the**

**informant who testified the petitioner admitted to him that he had shot and killed the deceased**

**Supporting facts:**

After the petitioner was convicted, the defense moved for a new trial on the basis of undisclosed information concerning William Jimmerson, the informant who testified for the prosecution that the petitioner admitted to him that he had shot and killed the deceased. The basis from the motion was that another inmate with Jimmerson in the San Diego County Jail had heard him say prior to the petitioner's trial that he "just had to get [his] mark" to make his case better and that he "got a little story" with his own spin on it that he had thrown to the prosecution and they had taken it. A second inmate also submitted a declaration that Jimmerson had this "fairy tale" he was putting out there and that Jimmerson used his *pro per* status to gain the trust of other inmates. Another declaration from a deputy sheriff with San Diego County also stated that Jimmerson appeared to intentionally start a fight in order to be moved to a different floor, and that in the opinion of the deputy this was to protect himself from injury because of prior charges of rape or child molestation.

The trial court denied the motion, in part because it found the evidence presented at the motion for new trial would not have been material as to the outcome of the case, and therefore the petitioner failed to show a violation of due process of law under *Brady v. Maryland*, 373 U.S. 83 (1963). The California Court of Appeal affirmed that ruling. The trial court also found that Jimmerson's credibility was not central to the case or that a different result would have occurred had the newly discovered evidence been presented to the jury. The California Court of Appeal affirmed that ruling. The petitioner raised this ground in his Petition for Review before the California Supreme Court in case number S147703, which was denied on January 17, 2007, without comment [Petitioner's Exhibit A].
//

Questions 23 - 24. No other petition or appeal from the petitioner's convictions and sentence in SCD175644 is pending in any state or federal court.
//

25. The attorneys who represented petitioner at the following stages were:

(a) Preliminary Hearing: Jonathan Jordan, 2552 F Street, San Diego, California, 92102, as retained counsel;

//

(b) Arraignment or plea: same as above;

//

(c) Jury trial: same as above;

//

(d) Sentencing: same as above;

(e) On direct appeal to the California Court of Appeal and the California Supreme Court, the petitioner was represented by John Lanahan, 550 West C Street, Suite 1670, San Diego, CA 92101, as appointed counsel;

//

(f) The petitioner has not filed any petition for writ of habeas corpus in any California Court prior to the filing of this petition.

//

26. The petitioner was sentenced on one count of first degree murder and the firearm enhancement. The sentence for shooting into an inhabited vehicle was stayed pursuant to California Penal Code § 654.

//

27. There is no future sentence the petitioner must serve in addition to the sentence imposed in SCD 177421.

//

28. The petitioner does NOT consent to having all proceedings decided by the magistrate judge.

//

Wherefore, Petitioner prays that the Court grant him relief to which he may be entitled in this proceeding.

I declare under penalty of perjury that the foregoing is true and correct. Executed on

April 16, 2008

LAMARR RASHAD CROWDER,
Petitioner

DATED: April 16, 2008

Respectfully submitted,

John Lanahan,
CA Bar Number 133091
550 West C Street, Suite 1670
San Diego, CA 92101-8557
(619) 237-5498
FAX: (619) 237-8898
E-mail: lawnahan@sbcglobal.net

*Attorney for Petitioner*

c:\myfiles\habeas\federal\crowder.l.2254.initial.jol

# PETITIONER'S EXHIBIT A

Court of Appeal, Fourth Appellate District, Div. 1 - No. D046701
S147703

# IN THE SUPREME COURT OF CALIFORNIA

### En Banc

THE PEOPLE, Plaintiff and Respondent,

v.

LAMARR CROWDER, Defendant and Appellant.

Petition for review DENIED.

Moreno, J., was absent and did not participate.

SUPREME COURT
FILED
JAN 1 7 2007
Frederick K. Chlrich Clerk
_____
Deputy

GEORGE
_____
Chief Justice

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LAMARR RASHAD CROWDER, | ) Civil No. 08cv |
| | ) |
| Petitioner, | ) **PROOF OF SERVICE** |
| | ) |
| v. | ) |
| | ) |
| JAMES E. TILTON, Secretary, California Department of Corrections, | ) ) ) |
| | ) |
| Respondent. | ) |

I, the undersigned, say:

1) That I am over eighteen years of age, a resident of the County of San Diego, State of California, and not a party in the within action;

2) That my business address is 550 West C Street, Suite 1670, San Diego, California, 92101-8557;

3) That I served the within **PETITION FOR WRIT OF HABEAS CORPUS UNDER 28 U.S.C. § 2254 BY A PERSON IN STATE CUSTODY** to be delivered an original and one copy thereof to the Office of the Clerk, 880 Front Street, San Diego, California, 92101;

4) That I mailed a copy to the Additional Respondent, Edmund G. Brown, Attorney General of the State of California, P.O. Box 85266, San Diego, CA 92186-5266;

5) I have also caused a copy of the petition to be delivered to the petitioner

I certify under penalty of perjury that the foregoing is true and correct. Executed on April 16, 2008, at San Diego, California.

JOHN LANAHAN

**JS 44** (Rev. 12/07)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I. (a) PLAINTIFFS
LaMarr Rashad Crowder

**DEFENDANTS**
James E. Tilton, Secretary, CA Dept of Corrections and Rehabilitation

FILED 2008 APR 16 PM 3:05
CLERK US DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
BY _____ DEPUTY

(b) County of Residence of First Listed Plaintiff: **Imperial**
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed Defendant: **Sacramento**
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

**'08 CV 0694 DMS JMA**

(c) Attorney's (Firm Name, Address, and Telephone Number)
John Lanahan, 550 West C Street, Suite 1670, San Diego, CA 92101; (619) 237-5498

Attorneys (If Known)
Edmund G. Brown, CA Atty General, 110 West A Street, Suite 1100, San Diego, CA 92101, (619) 645-2001

## II. BASIS OF JURISDICTION (Place an "X" in One Box Only)

- ☐ 1 U.S. Government Plaintiff
- ☒ 3 Federal Question (U.S. Government Not a Party)
- ☐ 2 U.S. Government Defendant
- ☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant) (For Diversity Cases Only)

|   | PTF | DEF |   | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 362 Personal Injury - Med. Malpractice | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 365 Personal Injury - Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC 881 | | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 450 Commerce |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 340 Marine | **PERSONAL PROPERTY** | ☐ 650 Airline Regs. | ☐ 830 Patent | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 345 Marine Product Liability | ☐ 370 Other Fraud | ☐ 660 Occupational Safety/Health | ☐ 840 Trademark | ☐ 480 Consumer Credit |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 371 Truth in Lending | ☐ 690 Other | | ☐ 490 Cable/Sat TV |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 380 Other Personal Property Damage | **LABOR** | **SOCIAL SECURITY** | ☐ 810 Selective Service |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | ☐ 385 Property Damage Product Liability | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 850 Securities/Commodities/Exchange |
| ☐ 195 Contract Product Liability | | | ☐ 720 Labor/Mgmt. Relations | ☐ 862 Black Lung (923) | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 196 Franchise | | | ☐ 730 Labor/Mgmt.Reporting & Disclosure Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 890 Other Statutory Actions |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 740 Railway Labor Act | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate Sentence | ☐ 790 Other Labor Litigation | ☐ 865 RSI (405(g)) | ☐ 892 Economic Stabilization Act |
| ☐ 220 Foreclosure | ☐ 442 Employment | **Habeas Corpus:** | ☐ 791 Empl. Ret. Inc. Security Act | **FEDERAL TAX SUITS** | ☐ 893 Environmental Matters |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ Accommodations | ☒ 530 General | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 894 Energy Allocation Act |
| ☐ 240 Torts to Land | ☐ 444 Welfare | ☐ 535 Death Penalty | **IMMIGRATION** | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 895 Freedom of Information Act |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment | ☐ 540 Mandamus & Other | ☐ 462 Naturalization Application | | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other | ☐ 550 Civil Rights | ☐ 463 Habeas Corpus - Alien Detainee | | ☐ 950 Constitutionality of State Statutes |
| | ☐ 440 Other Civil Rights | ☐ 555 Prison Condition | ☐ 465 Other Immigration Actions | | |

## V. ORIGIN (Place an "X" in One Box Only)

- ☒ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from another district (specify)
- ☐ 6 Multidistrict Litigation
- ☐ 7 Appeal to District Judge from Magistrate Judgment

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity):
**28 U.S.C. section 2254**

Brief description of cause:
**Petition for writ of habeas corpus by a person in state custody**

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23

DEMAND $

CHECK YES only if demanded in complaint:
JURY DEMAND: ☐ Yes ☐ No

## VIII. RELATED CASE(S) IF ANY
(See instructions):
JUDGE _____ DOCKET NUMBER _____

DATE: 04/16/2008

SIGNATURE OF ATTORNEY OF RECORD

**FOR OFFICE USE ONLY**

RECEIPT # 149825  AMOUNT $5  APPLYING IFP _____ JUDGE _____ MAG. JUDGE _____

us 4/16

```
            UNITED STATES
            DISTRICT COURT
        SOUTHERN DISTRICT OF CALIFORNIA
              SAN DIEGO DIVISION

           # 149825      - MS
           * * C O P Y * *
             April 16, 2008
                15:03:45


              Habeas Corpus
     USAO #.: 08CV0694-DMS
     Judge..: DANA M SABRAW
     Amount.:                    $5.00 CK
     Check#.: BC3680



        Total-> $5.00


     FROM: LAMARR RASHAD CROWDER
```